UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11294MEL

_____
)
MADALENA TEIXEIRA,                  )
        Plaintiff,                 )
                                    )
v.                                  )
                                    )
JOSE E. VEIZAGA-MENDEZ, M.D.,       )
        Defendants.                )
_____)

## ANSWER OF THE DEFENDANT, JOSE E. VEIZAGA-MENDEZ, M.D., TO PLAINTIFF'S COMPLAINT

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Plaintiff's Complaint and, therefore, calls upon the Plaintiff to prove same.

2. The Defendant admits the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. The allegations set forth in Paragraph 3 of the Plaintiff's Complaint contain legal conclusions to which the Defendant need not reply. In the event that these allegations are construed to require a response, the Defendant denies same.

4. The Defendant admits that he provided care to the Plaintiff and denies the remaining allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5. The Defendant admits only that at all relevant times he possessed the skill, knowledge and learning of the average, qualified surgeon practicing in his specialty, taking into account the advances in the profession and the resources available to him at the time. The Defendant denies the remaining allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant denies the allegations set forth in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant denies the allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

    (The Defendants repeat and reavers his answers to the allegations set forth in paragraphs 1 through 7 of the Plaintiff's Complaint as if fully set forth herein.)

8. The allegations set forth in Paragraph 8 of the Plaintiff's Complaint contain legal conclusions to which the Defendant need not reply. In the event that these allegations are construed to require a response, the Defendant denies same.

9. WHEREFORE, the Defendant denies that the Plaintiff is entitled to the relief requested or to any relief whatsoever and requests that judgment enter on the Defendant's behalf, together with interests and costs.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation of the Plaintiff's Complaint not specifically admitted above, the Defendant by way of affirmative defenses states and avers as follows:

## FIRST AFFIRMATIVE DEFENSE

If the Plaintiff suffered damages as alleged in the Complaint, which the Defendant expressly denies, then the damages were caused by a third person(s), and for whom the defendant is not legally responsible.

## SECOND AFFIRMATIVE DEFENSE

The negligence of the Plaintiff was greater than the alleged negligence of the Defendant and such negligence of the Plaintiff contributed to her alleged damages. Therefore, the Plaintiff is barred from recovery under M.G.L. c. 231, §85.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff was guilty of contributory negligence and the damages, if any, recovered by the plaintiff from the Defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c. 231, §85.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to M.G.L. c. 231, §60B (Chapter 362 of the Acts of 1975), the Defendant requests that this matter be transferred to Massachusetts Superior Court for the limited purpose of convening a medical tribunal within 15 days to compel the Plaintiff to present an offer of proof.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's recovery for pain and suffering, embarrassment, and other items of general damages, if any, is limited by M.G.L. c. 231, §60H.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions of M.G.L. c. 231, §60G.

**SEVENTH AFFIRMATIVE DEFENSE**

At all times relevant to the Plaintiff's Complaint, the Plaintiff was advised of the various risks, limitations, and alternatives to the proposed diagnostic testing or treatment proposed and the Plaintiff exercised informed consent in selecting the manner of diagnostic testing and treatment.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint and each respective count thereof fails to state a cause of action for which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction of this action.

**THE DEFENDANT DEMANDS A TRIAL BY JURY**

The Defendant,
JOSE E. VEIZAGA-MENDEZ, M.D.
By his Attorneys,


/s/ John R. Pelletier
Sidney W. Adler, BBO #012660
John R. Pelletier, BBO #647102
ADLER, COHEN, HARVEY,
 WAKEMAN & GUEKGUEZIAN, LLP
75 Federal Street, 10th Floor
Boston, Massachusetts 02110
(617) 423-6674

3