UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11294MEL

_____
)
MADALENA TEIXEIRA,                  )
          Plaintiff,      )
                          )
v.                                  )
                          )
JOSE E. VEIZAGA-MENDEZ, M.D.,       )
          Defendants.     )
_____)

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE DEFENDANT,
JOSE E. VEIZAGA-MENDEZ, M.D., FOR TRANSFER TO SUPERIOR COURT
<u>TO CONVENE A MEDICAL TRIBUNAL</u>**

Pursuant to M.G.L. c. 231, § 60B, the Defendant, Jose E. Veizaga-Mendez, M.D., hereby moves this Court to transfer this case to Massachusetts Superior Court for the limited purpose of convening a Medical Malpractice Tribunal.

<u>**ARGUMENT**</u>

Massachusetts General Laws c. 231, § 60B provides that "[e]very action for malpractice, error, or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the Superior Court, a physician licensed to practice medicine in the Commonwealth . . . and an attorney authorized to practice law in the Commonwealth." The Massachusetts Supreme Judicial Court has interpreted this broadly to mean that "all treatment-related claims [are] meant to be referred to a malpractice tribunal." <u>Little v. Rosenthal</u>, 376 Mass. 573, 576 (1978) (action under M.G.L. c. 93A, § 9 alleging that nursing home committed unfair or deceptive practice is appropriate subject for tribunal screening process); <u>See</u> also <u>Salem Orthopedic Surgeons v. Quinn</u>, 377 Mass. 514, 515 (1979) (action for breach of a promise by

physician or other health care provider to produce a specific medical result is subject to screening provisions of M.G.L. c. 231, § 60B).  The Court has stated that the legislative purpose of subjecting claims to tribunals is to discourage frivolous claims against health care providers. See Salem Orthopedic Surgeons, 377 Mass. at 520; Austin v. Boston Univ. Hosp., 372 Mass. 654, 655 n.4 (1977).  M.G.L. c. 231, § 60B also states that the tribunal "shall determine if the evidence presented, if properly substantiated, is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result."  The legislature has, therefore, mandated that every medical malpractice case must be reviewed by a tribunal as defined in M.G.L. c. 231, § 60B.

> Paragraph 6 of the Plaintiff's Complaint in this matter alleges:
>
> "On or about July 3, 2002, and at various times thereafter, while the Plaintiff … was being cared for and treated by the Defendant, … [the Defendant,] in violation of the duty owed to the Plaintiff[,] … so carelessly, negligently and unskillfully treated … [the Plaintiff] during and following a laparoscopic cholecystectomy that the Plaintiff … was caused to sustain serious bodily injury, pain, and anguish as a result of … Jose E. Veizaga-Mendez, M.D.'s failure to properly identify and preserve the integrity of the Plaintiff's common bile duct during a laparoscopic cholestectomy resulting in the need for subsequent surgical procedures, which resulted in significant and debilitating complications and pain and suffering as well as other financial losses."

Therefore, based upon the allegations set forth in the Plaintiff's Complaint, this is clearly a claim for malpractice, mistake, or error against a health care provider.  Under such circumstances, the Defendant is entitled to a medical malpractice tribunal.

M.G.L. c. 231, § 60B also states that the tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result."  The

legislature has, therefore, clearly mandated that every medical malpractice case <u>must</u> be reviewed by a tribunal as defined in M.G.L. c. 231, § 60B.  There is no exception.  <u>Austin</u>, 372 Mass. at 660; <u>Little</u>, 376 Mass. at 576.  Thus, if a medical malpractice case is entered in the United States District Court, the case <u>must</u> be transferred to the Superior Court for consideration by a medical tribunal.

A Request for Tribunal on behalf of Dr. Veizaga-Mendez is being filed simultaneously with this motion.

WHEREFORE, the Defendant requests that this Court enter an Order transferring this civil action to Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal in accordance with Massachusetts General Laws c. 231, § 60B.  Following the tribunal, the case may then be remanded to the United States District Court for the District of Massachusetts for resolution.

## REQUEST FOR ORAL ARGUMENT

The Defendant requests that the Court schedule an oral argument to hear this matter.

        The Defendant,
        JOSE E. VEIZAGA-MENDEZ, M.D.
        By his Attorneys,

        /s/John R. Pelletier
        Sidney W. Adler, BBO #012660
        John R. Pelletier, BBO #647102
        ADLER, COHEN, HARVEY,
         WAKEMAN & GUEKGUEZIAN, LLP
        75 Federal Street, 10th Floor
        Boston, Massachusetts 02110
        (617) 423-6674