UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11294MED

|  |  |
|---|---|
| MADALENA TEIXEIRA, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JOSE E. VEIZAGA-MENDEZ, M.D., | ) |
| Defendants. | ) |

## LOCAL RULE 16.1 JOINT STATEMENT

### I.    Rule 26(F) Conference

Pursuant to Federal Rule of Civil Procedure 26F and Local Rule 16.1(B), counsel participated in a telephone conference on August 16, 2006, to discuss discovery issues in this matter. Participants in the conference were:

Kenneth Halpern, Esq. for Plaintiff, Madalena Teixeira
John Pelletier, Esq. for the Defendant, Jose Veizaga-Mendez, M.D.

### II.    Pre-Discovery Disclosure

The parties will exchange by 10/16/2006 the information required by Fed. R. Civ. P. 26(a)(1).

### III.    Discovery Plan

**A.    PHASE I:** For Developing Information Needed For A Realistic Assessment Of Case, The Parties Jointly Propose To The Court The Following Discovery Plan:

1.    Discovery will be needed on the following subjects:

   a.  Plaintiff, Madalena Teixeira's medical history.
   b.  Plaintiff, Madalena Teixeira's current medical status.
   c.  Medical issues involving causation and standard of care.
   d.  Jose Veizaga-Mendez, M.D.'s care relative to Ms. Teixeira.
   e.  Plaintiff, Madalena Teixeira's medical prognosis, including but not limited to all care and treatment the Plaintiff intends to receive in the future, and all such future care and treatment that the Plaintiff possibly will receive.
   f.  The amount of the Plaintiff's claimed damages and the calculation of same.

2.    All discovery to be completed by 3/1/2007

3.    Maximum of  30  interrogatories by each party to any other party. Response due
      in 45 days after service.

4.    Maximum of  10 requests for admission by each party to any other party.
      Responses due 30 days after service.

5.    Maximum of 5 depositions by plaintiffs and 5 by defendants. Keeper of the
      Records depositions are not included in this category.  Based upon reasonable
      information discovered at deposition, additional depositions may become
      necessary.

6.    Responses to First Request for Production of Documents by 30 days after service.

7.    Reports from retained experts under Rule 26(a)(2) due:

      From plaintiffs by 4/1/2007

      From defendant by 5/1/2007

## IV.    Other Items

1.    The parties request a Pre-Trial Conference in August, 2007

2.    Plaintiffs should be allowed until 11/16/2006 to join additional parties and until
      11/16/2006  to amend the pleading.

3.    Defendant should be allowed until 12/16/2006 to join additional parties and until
      12/16/2006  to amend the pleading.

4.    All potentially dispositive motions, including summary judgment motions, should
      be filed by 6/30/2007.  Oppositions to summary judgment and other dispositive
      motions shall be filed no later than twenty-one (21) days after service and filing of
      the motion opposed.

      Daubert motions, if any, shall be filed no later than July 30, 2007.

5.    Settlement can be evaluated at anytime.

**B.    PHASE II:** For Information Needed To Prepare For Trial

1.    Deposition of experts must be completed by 9/30/2007

2.    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due at the time of the Pre-Trial Conference:

3.    Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

4.    The case should be ready for trial by 11/1/2007 and at this time it is expected to take 5 trial days.

5.    The parties do not consent to a trial by a magistrate judge at this time.

## V.    Settlement Proposals

In compliance with Local Rule 16.1, counsel for both parties have conferred with respect to settlement before the scheduling conference and have been unable to reach an agreement.

## VI.    Certification of Parties and Their Counsel

The parties and their counsel herein certify that they have conferred with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation, and they have considered and discussed the resolution of this litigation through the use of alternative dispute resolution programs as outlined in Local Rule 16.4.

Date: August 16, 2006

/s/ Barry D. Lang
Barry D. Lang, Esq.
BBO # 565438
Zachary B. Lang, Esq.
BBO# 652055
Co-Counsel for the Plaintiff
Barry D. Lang, M.D. & Associates
1 State Street, Suite 1050
Boston, MA 02109
617-720-0176

Kenneth Halpern, Esq.
BBO #218200
Co-Counsel for the Plaintiff
Kenneth Halpern & Associates
233 Needham Street
Newton, MA 02164
617-244-2100

/s/ John Pelletier
Sidney Adler, Esq., BBO # 012660
John Pelletier, Esq., BBO # 647102
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street
Boston, MA 02110
617-423-6674

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand-fax on ____